

**The Rosen Law Firm**

**I N V E S T O R  C O U N S E L**

Jacob A. Goldberg, Esq.
jgoldberg@rosenlegal.com

March 19, 2024

**VIA ECF**
Honorable Orelia E. Merchant
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**    ***The Lee Goodman Trust v. Wheels Up Experience Inc., et al.,***
> ***No. 1:23-cv-02900-OEM-VMS***

Dear Judge Merchant:

We represent Lead Plaintiff Scott Schleicher ("Plaintiff") and a putative class of purchasers of Wheels Up Experience Inc. ("Wheels Up") common stock between November 9, 2022 and March 31, 2023, in this securities fraud class action. We write in opposition to Defendants' Pre-Motion Letter ("DLtr," ECF No. 35).

***The Complaint Adequately Pleads Falsity***. Relying on *City of Omaha v. CBS Corp.*, 679 F.3d 64 (2d Cir. 2012) (*per curiam*) and *Fait v. Regions Fin. Corp.* 655 F.3d 105 (2d Cir. 2011), Defendants assert that goodwill is an opinion that can only be false if the Complaint pleads the speaker's disbelief. *See* DLtr 2-3. *Omnicare, Inc. v. Laborers Dist. Council Const. Industry Pension Fund*, 575 U.S. 1275 (2015), however, **abrogates Fait**. *See Abramson v. Newlink Genetics Corp.*, 965 F.3d 165, 1174-76 & n. 31 (2d Cir. 2020). An opinion statement is actionable upon: (1) the speaker's disbelief; (2) if the opinion rested on a factual misstatement; or (3) if the statement is rendered misleading by the omission of material fact. *New England Carpenters Guaranteed Annuity and Pension Funds v. DeCarlo*, 80 F.4th 158, 169, 175 (2d Cir. 2023). Defendants' entire falsity argument rests on bad law.

Wheels Up restated financial results. ¶2. The fact of a restatement itself establishes that the restated financials were materially false at the time of disclosure. *Fresno Cty. Empl. Ret. Assoc. v. comScore, Inc.*, 268 F. Supp. 3d 526, 544 (S.D.N.Y. 2017) (denying dismissal, ruling restatement suffices to plead material falsity). Defendants' restatement of the Company's Q3 2022 financial statements admits material falsity.

An *Omnicare* analysis emphasizes the point. Defendants concede that had they conducted the full review as of September 30, 2022, Wheels Up should have recorded a $62 million goodwill impairment. Their failure to impair rendered Wheels Up's 3Q 2022 financial statements materially

1

false. Thus, facts existed as of September 30, 2022, rendering the stated value of Wheels Up's goodwill materially false as of September 30, 2022, thus rendering false the November 9, 2022, financial statements. *Omnicare*, 575 U.S. at 188-89, 194; *DeCarlo*, 80 F.4th at 169, 175.[1] The Complaint adequately pleads falsity.[2]

   ***The Complaint Adequately Pleads Defendants' Scienter***. Given their admission that Wheels Up's financial statements were materially false, all of Defendants' arguments collapse into whether they knew or were severely reckless in ignoring the triggering event and recklessly failing to conduct the analysis that required material impairment, and then failing to impair. ¶61.[3]

   The Complaint pleads "strong circumstantial evidence of conscious misbehavior or recklessness." The allegations are susceptible to only two inferences, both inculpatory. Defendants either knew that a triggering event occurred by reference to a declining stock price that fell even further below the Company's book value, *see* ¶¶56, 61, or they were severely reckless in ignoring it. Ignoring the triggering event that, they claim incorrectly, even investors could have discerned, *see* DLtr 3, evidences Defendants' bad faith, rendering them severely reckless. If investors should have known—which Defendants insist but Plaintiff does not concede—then Defendants knew or should have known. Ignoring the triggering event, Defendants acted in bad faith, enabling them to ignore the analysis that should have caused them to impair goodwill materially as of September 30, 2022. *See In re Cannavest Corp. Sec. Litig.*, 307 F. Supp. 3d 222 (S.D.N.Y. 2018) (finding scienter, denying dismissal in restatement case).[4]

   Defendants assert that Wheels Up's $270 million cash raise in September and October 2022 weighed against determining that a triggering event had occurred as of September 30, 2022. DLtr 2. On the contrary, even in the context of Wheels Up's having acquired this cash, with its auditor watching in March 2023, Wheels Up both determined that a triggering event had occurred and restated its September 30, 2022, financial statements ***on the same facts***. ¶61. The Complaint pleads that in March 2023 Defendants disclosed that the triggering event involved the Company's market capitalization falling below the carrying value of the Company's equity, ignoring completely the Company's cash position as of September 30, 2022. *Id*. The cash influx was irrelevant to the ultimate determination of both trigger and impairment and cannot undermine a finding that the Complaint adequately pleads Defendants' knowledge or severe recklessness.[5]

---

[1] For the same reasons, Wheels Up's internal control statement about Q3 2022 is false. ¶79. Defendants' failure to announce that the stock price decline was a triggering event, as it had previously in Q2, ¶53, renders their statement about internal controls materially false.

[2] Contrary to their assertion, the Complaint attacks both the timing and amount of the restatement. Defendants claim about "the whole impairment," DLtr 2 n.1, misleads as the amount increased from the March 9, 2022, disclosure (Q4 2022 impairment of $132 million, ¶87, to a combined 3Q and 4Q impairment of $180 million. ¶87.

[3] On a motion to dismiss, this Court will evaluate whether taking all the facts holistically, the inference of scienter is cogent and at least as compelling as any opposing inference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-24 (2008) (citation omitted) (emphasis in original). A strong inference "need not be irrefutable, *i.e.*, of the "smoking-gun" genre, or even the "most plausible of competing inferences. *Id*.

[4] This Court will impute to Wheels Up the scienter of the Individual Defendants. *Const. Laborers Pension Trust for Southern California v. CBS Corp.*, 433 F. Supp. 515, 549 (S.D.N.Y. 2020).

[5] The Court will reject Defendants' attempt to recast the Complaint's facts, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), especially in light of facts they themselves publicly admitted.

Further, the assertion that the impairment testing process involved "substantial judgment, estimates, and assumptions," DLtr 1, is irrelevant in the context of their knowingly or recklessly ignoring the triggering event as of September 30, 2022. Finally, rather than supporting dismissal, Defendants' knowing or reckless disregard of the triggering event and failure to impair, while Wheels Up raised money, establishes Defendants' motive to avoid a goodwill impairment analysis as of September 30, 2022. Even as this motive itself may not suffice to plead scienter adequately, the Court will consider it as part of its holistic analysis. *In re The Hain Celestial Seasonings Grp., Inc. Sec. Litig.*, 20 F.4th 131, 137-38 (2d Cir. 2021). The Complaint adequately pleads scienter.

***The Complaint Adequately Pleads Loss Causation*** "To establish loss causation, plaintiffs must show that a ... misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005). Here the corrective disclosure mirrors false financial statements. Defendants published and then corrected these false financial statements, restating. In response to that disclosure, the Company's stock price fell by 11.4%. ¶91. That suffices to plead loss causation. *In re Openwave Sys. Sec. Litig.*, 528 F. Supp. 2d, 236, 252-53 (S.D.N.Y. 2007) (denying motion to dismiss, restatement was corrective disclosure).

The Complaint does not allege that Defendants' affirmative statement that no triggering event occurred as of September 30, 2022, ¶60, was actionably false. Rather it alleges that Defendants' reckless failure to ***impair*** rendered Wheels Up's financial statements materially false. *See, e.g.,* ¶¶77-78. In that context, Defendants' loss causation argument is a red herring. Defendants argue that the Company's stock price, as well as its market capitalization, was public, rendering the existence of the triggering event public. DLtr 3. First, as a factual matter, the market cap was below the carrying value of equity on June 1, 2022, but still Defendants concluded that no impairment was necessary. ¶53. What Defendants knew, but investors did not, is the amount of a further decline in stock price that would trigger another impairment analysis as of September 30, 2022. Investors had no information to challenge Wheels Up's November 9, 2022, conclusion that no triggering event existed as of September 30, 2022. Second and critical to the loss causation analysis, Defendants admit that investors had no way to perform the ***impairment analysis*** themselves, stating on March 31, 2023, that the impairment analysis involved consideration of "unobservable inputs." ¶61. Thus, what investors did not know and could not have known as the Class Period began was that GAAP required Wheels Up to impair its goodwill materially as of September 30, 2022. Upon disclosure the stock price fell, satisfying the loss causation element at the pleading stage. *City of Omaha* is inapposite as the plaintiffs in that case conceded that "all of the information alleged to constitute red flags calling for interim impairment testing" existed during the class period. 679 F.3d at 69. Plaintiff here concedes no such point. On the contrary, Defendants' statement about unobservable inputs concedes the point.[6] The Complaint adequately pleads loss causation.[7]

---

[6] Defendants' disaggregation argument, DLtr 3, is a question for, at the earliest, summary judgment.

[7] Having pleaded (1) a primary violation and (2) the Individual Defendants' control, *see*, *e.g.*, ¶¶14, 17-18, 23-76, the Complaint adequately pleads a Section 20(a) claim. *Lapin v. Goldman Sachs Grp., Inc.*, 506 F. Supp. 2d 221, 244 (S.D.N.Y. 2006).

**THE ROSEN LAW FIRM, P.A. ♦ 101 GREENWOOD AVENUE, SUITE 440 ♦ JENKINTOWN, PA 19046 ♦ TEL: 215-600-2817 ♦ FAX: 212-202-3827**

We look forward to briefing these issues for the Court.

Respectfully,

/s/ *Jacob A. Goldberg*
Jacob A. Goldberg

cc:     All counsel of record (via ECF)

4